CHARLES S. BARDWELL and others *vs.* LOUISA M. WITT and others.

February 7, 1890.

Promissory Note—Principal and Surety.—*Held,* that the evidence does not sustain the assignments of error.

Action brought in Hennepin county on two promissory notes, made by defendants in their firm name of Witt, Hartley & Co., one for $1,000 dated June 21, 1884, and the other for $1,075, dated August 23, 1884. The action was removed for trial to Crow Wing county, and there tried before *Stearns,* J., (acting for the judge of the 15th district,) when the following facts appeared from the pleadings and evidence: The plaintiffs had furnished the defendant Witt and one Leland materials for the construction of a hotel in Brainerd, in Crow Wing county, and were entitled to claim a mechanic's lien for the balance due them. Witt & Leland dissolved, and Witt formed with the other defendants the firm of Witt, Hartley & Co., which became interested in the hotel property. Plaintiffs pressed for payment, and the defendants gave the notes in suit, equalling in amount the sum due from Witt & Leland. The defendants' contention was that the notes were given merely for accommodation, to enable plaintiffs to raise money by negotiating them, the plaintiffs not relinquishing their claim against Witt & Leland and the property, but agreeing to forbear for a time the filing of their lien claim; while the plaintiffs contended that the notes were executed as collateral security for the debt of Witt & Leland, the plaintiffs extending the time of payment. It

further appeared that plaintiffs filed and brought suit to enforce their lien claim, (making these defendants parties,) and had judgment on March 9, 1885, under which, on June 23, 1885, the interest of Witt & Leland in the hotel property was sold to plaintiffs for the amount of the judgment and the costs. On January 9, 1886, this sale was confirmed. On September 28, 1886, the sale and confirmation and the satisfaction of the judgment were vacated, for mistake of the sheriff in making the sale. On November 19, 1888, a second sale was had under the judgment, the plaintiffs purchasing at the price of $60, which sale was confirmed. The defendant Hartley testified to the conversation with plaintiffs mentioned in the opinion, which testimony was stricken out, on plaintiffs' motion. An offer to prove the value of the hotel property in June, 1885, and in September, 1886, and that the building was burned in May, 1887, was excluded. To each of these rulings the defendants excepted. A verdict was directed for plaintiffs for the full amount of the notes, and the defendants appeal from an order refusing a new trial.

*W. S. McClenahan* and *Leon E. Lum*, for appellants.

*E. C. Chatfield*, for respondents.

MITCHELL, J. Many of appellants' assignments of error are based upon the assumption that, in respect to their liability on the promissory notes in suit, they were mere sureties for Witt & Leland; but we find nothing in the record tending to show this. The case seems to have been rather loosely tried, and hence the evidence does not bring out very clearly the history of the transaction; but, as we understand it, so far as it proves anything, it tends to show that defendants became the owners of the property, which was subject to a mechanic's lien for a debt due plaintiffs from Witt & Leland, and at the same time assumed the payment of the debts against it, including that of plaintiffs. If so, then in giving to plaintiffs these notes for. the amount of the claim against Witt & Leland, they gave them for their own debt, and therefore, as between themselves, really defendants were the principal debtors, and Witt & Leland the sureties. It is not at all inconsistent with this view that plaintiffs retained the obligations of Witt & Leland, and took, as they say, defendants' notes as "additional" or "collateral" security, for the relation of

surety is determined or fixed by the arrangement between the debtors themselves.

But even if it be assumed that defendants bore the relation of sureties to Witt & Leland, the court was right in excluding the evidence offered for the purpose of showing conduct on part of plaintiffs such as would release defendants. This evidence was, in substance, that plaintiffs had delayed for a long time in selling the liened property (a hotel) on their judgment, and that in the mean time the building was destroyed by fire. This was properly excluded for two reasons: *First.* It was not pleaded. What was alleged in the answer was that the debt had been actually paid by the sale of the property on the judgment for the full amount of the debt. What was proposed to be proved was, if anything, laches, or an omission of legal duty, on part of plaintiffs, resulting injuriously to defendants. *Secondly.* What was offered to be proved was mere passive delay on part of the plaintiffs in enforcing the judgment, and there was nothing in the case tending to show that plaintiffs owed defendants the duty of active diligence, either by way of contract to enforce their lien within a given time, or a request on part of defendants that they should proceed. Indeed, it is to be inferred from the record that the liened property belonged to defendants themselves; but, if it did not, there was nothing to hinder them from paying the claim, and themselves proceeding to enforce the judgment, if they were mere sureties as they claim. See *Huey* v. *Pinney*, 5 Minn. 246, (310.)

As to the claim that the defendants were released by the payment of the debt by the first sale of the liened property under the judgment for its full amount, it is sufficient to say that, on account of a mistake in the manner of selling the property, the court, on notice to all the parties to the action, including defendants, set aside the sale and the satisfaction of the execution, and reinstated the judgment.

The evidence as to the alleged release of defendants from liability on the notes was utterly insufficient to establish any such agreement. All there was of it was the statement of B. F. Hartley that there was a conversation between him and plaintiff Robinson, (when does not appear,) in which he stated that the defendants were not going to be able to pay, to which Robinson replied that they would foreclose

the lien, and protect themselves, "and gave me to understand that my notes would not be collected from me by them. That was my understanding with the firm of Bardwell & Robinson, or some of their men." A mere "understanding" by one party is not a contract. Furthermore, had Robinson promised not to enforce the notes it would be a naked one, for the record discloses *no consideration for any such* promise.

Order affirmed.